1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICKY DEAL,<br><br>               Plaintiff,<br><br>v.<br><br>DANNY ALEGRE, ET. AL,<br><br>               Defendant. | Case No.: C 04-03778 PVT<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PARTIAL LEAVE TO AMEND** |

On February 15, 2005, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on a motion to dismiss filed by Defendants Danny Alegre ("Alegre") and Home Depot USA, Inc. ("Home Depot").[1]  All parties have consented to Magistrate Judge Jurisdiction. Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED with leave to amend the complaint as to Plaintiff's Section 1983 claim, and without leave to amend as to the remaining causes of action, as discussed below.

**I.     BACKGROUND**

**A.     FACTUAL BACKGROUND**

On May 18, 2001, Ricky Deal ("Deal") allegedly went to Home Depot in order to exchange several fans that he purchased the day before.[2]  Deal alleges that Alegre, one of Home Depot's security guards, accused him of trying to exit the store without paying for the fans in his possession.  Alegre allegedly grabbed him, spun him around, and accused him of stealing.  In

---

[1]     The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2]     The statement of facts herein is based on the allegations in Plaintiff's complaint.

response, Deal produced the receipt for the fans and attempted to explain that he was returning them.  Alegre then asked two other Home Depot employees to place Deal in detention.  Deal asked Alegre to review the security tapes of the store entrances to verify that he did not steal the fans.  Instead of doing so, Alegre summoned the police.  Deal alleges that Alegre did not have probable cause to arrest him.  Deal also alleges that Alegre discriminated against him due to his ethnicity.  Alegre allegedly told Deal that he would be going to jail for "disrespecting" him, and that the police would believe him, and not Deal.  Deal claims that Alegre made false statements to police in order to secure his arrest.  Deal also alleges that Alegre made false statements to the District Attorney, and during his trial testimony, in order to secure Deal's conviction for attempted theft.

### B.    PROCEDURAL BACKGROUND

The first prosecution of Deal ended with a hung jury on September 27, 2001.  Deal was retried and convicted of a felony violation of Penal Code 666 on November 2, 2001.  As a result of this conviction, Deal was sentenced to ten months in jail.

On May 17, 2002, Deal filed a civil suit against Home Depot in state court, alleging one count of false arrest and seeking compensatory and punitive damages against Home Depot.

On September 9, 2003, the state appellate court overturned Deal's criminal conviction, citing prosecutorial misconduct.[3]  By this time, Deal had apparently already served his sentence.  On December 10, 2003, the state court dismissed all criminal charges against Deal "in the interest of justice."

Deal's civil trial against Home Depot began on March 23, 2004.  Deal made a motion *in limine* to amend his complaint to include causes of action for malicious prosecution, discrimination based on race, willful misconduct, assault, and battery.  The court denied the motion *in limine* to amend except as to the causes of action for assault and battery.  With respect to malicious prosecution, the court noted that Deal had not shown he could meet the "favorable termination" element of a cause of action for malicious prosecution.  Although Deal  had a

---

[3]     There is nothing in the record before the court to indicate that the prosecutorial misconduct was in any way related to the acts alleged in the complaint herein.

dismissal "in the interests of justice," that dismissal did not qualify as a "favorable termination." In the alternative, Deal requested a continuance so that he could seek a determination of factual innocence under California Penal Code section 851.8 to satisfy the "favorable determination" requirement. The court denied this request for continuance because Deal was unable to make an offer of proof that the dismissal was based on insufficient evidence to convict him.

The court also granted a motion *in limine* by Home Depot limiting Deal's claim for damages against Home Depot to the thirty minutes he spent in custody at Home Depot before the police arrived.[4]

Ultimately, the court found that Home Depot falsely arrested Deal and awarded him three thousand dollars as compensatory damages for the time he was detained by Home Depot before the police arrived. However, the court found Home Depot was not liable for either assault or battery.

Deal has now sued both Home Depot and Alegre seeking damages for the ten months he spent in jail. Deal alleges twelve causes of action. The first is a Section 1983 claim for violation of civil rights under color of state law. The remaining causes of action are all state law claims.[5]

## II.    STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). A cause of action will be dismissed where there is either "a lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Even where a plaintiff alleges sufficient facts under a cognizable theory, a claim will be dismissed if an affirmative defense to the claim is apparent on the face of

---

[4]    Deal claims that the court ruled that any damages for the remaining ten months he spent in custody would have to be the subject of a separate lawsuit.

[5]    The state law causes of action are entitled: discrimination based on race in violation of California Civil Code §51.7; willful misconduct; negligent infliction of emotional distress; intentional infliction of emotional distress; abuse of process; assault; battery; negligence; employer liability based on the negligent hiring, training, and/or retention of unfit employees; employer liability for punitive damages based on Home Depot's ratification of employee actions; and false arrest.

the complaint.  *See, e.g., Scott v. Kuhlman*, 746 F.2d 1377, 1378 (9th Cir. 1984) (*res judicata* defense clearly apparent on face of complaint).

Generally, a court's review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party.  *Cassettari v. County of Nevada*, 824 F.2d 735, 737 (9th Cir. 1987).  A federal district court may also take judicial notice of the records in a state court action.  *See Santos v. County of Los Angeles Department of Children and Family Services*, 299 F.Supp.2d 1070, 1076 (C.D.Cal. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) (holding that a court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment).

Dismissal of an action pursuant to Rule 12(b)(6) is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1482 (9th Cir. 1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## III.    DISCUSSION

### A.    DEAL'S FIRST CAUSE OF ACTION FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Taking all allegations of material fact in the complaint as true and viewing them in the light most favorable to Deal, the facts he alleges would not entitle him to relief under Section 1983.  To state a claim under 42 U.S.C. section 1983, a plaintiff must allege that: 1) a right secured by the Constitution or laws of the United States was violated; and 2) the violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### 1.    Deal adequately alleges a violation of his right to be free from unreasonable seizure, but he fails to adequately allege a violation of his right to be free from malicious prosecution

Deal alleges, among other things, that Alegre arrested him without probable cause. Therefore, he adequately alleges violation of his Fourth Amendment right to be free of unreasonable seizure.

However, to the extent Deal is attempting to allege a Section 1983 malicious prosecution claim, Deal fails to adequately allege a violation of a constitutional right.  A plaintiff alleging the constitutional tort of malicious prosecution under Section 1983 must establish termination of the prosecution in a manner indicating lack of guilt.  *See Singleton v. City of New York*, 632 F.2d 185, 194-95 (2nd Cir. 1980), *cert. denied*, 450 U.S. 920 (1981) (to state a malicious prosecution claim under Section 1983, plaintiff must allege that the prosecution terminated in a manner indicating he was not guilty of the offense charged).  The criminal charges against Deal were dismissed in "the interest of justice," which does not necessarily indicate a lack of guilt.  And Deal's motion for a finding of factual innocence was denied by the state court.  Thus, even if Deal can establish Defendants' actions were done under color of state law, his Section 1983 malicious prosecution claim fails because he does not allege a favorable termination of the criminal charges.[6]

### 2.    Deal does not sufficiently allege that Defendants acted "under color of state law."

Deal has not shown that the deprivation of his Constitutional rights was "under color of state law."  In his opposition brief, Deal cites various alleged actions and policies of Defendants as a basis for finding the Defendants acted under color of state law.  None of those alleged actions or policies show the kind of "joint action" necessary for a private party to be deemed to be acting under color of state law.

a.)    *Alegre's arrest of Deal does not constitute action under color of state law.*

Deal argues that Alegre's citizen's arrest of him was an exercise of a right created by the state.  The State of California does authorize private persons to make arrests under certain circumstances.  *See* PENAL CODE §§ 834 & 837.  However, the Ninth Circuit has held that, without more, a citizen's arrest does not constitute action under color of state law. *See Collins v.*

---

[6]    Deal implies that there was a due process violation because the state court relied on allegedly perjured testimony to deny his motion for a finding of factual innocence.  It is unclear from the record before the court what the basis was for the state court's denial of Deal's petition for a finding of factual innocence.  In any event, it appears the standard under the "factual innocence" statute would allow for a showing that Alegre's testimony was false. If the state court applied the wrong standard, or otherwise erred, the remedy was an appeal in state court, not a new lawsuit in federal court.

*Womancare*, 878 F.2d 1145 (9th Cir. 1989).  In *Collins*, a women's health care facility made a citizen's arrest of a group of anti-abortion demonstrators.  *Id*. at 1146.  The demonstrators brought suit against the clinic, claiming that the clinic's citizen's arrest was made under color of law and without probable cause.  *Id*. at 1151.  The Ninth Circuit rejected this argument because the demonstrators' claim that the clinic acted pursuant to California's citizen's arrest statutes was inconsistent with their claim that the clinic violated those same statutes.  *Id*. at 1152.

Deal alleges that Alegre lied to the police officer when he said he saw Deal take the items off of the shelf, put them in the cart, and attempt to leave the store without paying for them.  Deal further alleges that he had already paid for the items the day before, and had brought them back to exchange them.  Deal's allegations, if true, show that Alegre was not authorized to instigate a citizen's arrest under Penal Code section 837, because no public offense was committed or attempted in Alegre's presence.  *See,* CAL. PENAL CODE § 837(1) (authorizing citizen arrests for "a public offense committed or attempted in [the arresting citizen's] presence").[7]  As in *Collins v. Womancare*, if Deal maintains that his arrest *violated* Penal Code section 837, he cannot in the same breath claim that Alegre acted *pursuant* to Penal Code section 837.  *Collins v. Womancare*, 878 F.2d at 1152.

> b.)   *Any deliberately false accusations made by Alegre to a police officer were not made under color of state law*

Deal contends the state action element is satisfied because Alegre deliberately made false accusations to a police officer.  However, "merely complaining to the police does not convert a private party into a state actor."  *See Collins v. Womancare*, 878 F.2d at 1155 (citing *Rivera v. Green*, 775 F.2d 1381, 1382-84 (9th Cir. 1985), cert. denied, 475 U.S. 1128 (1986)).

> c.)   *Alegre's action in summoning the police did not constitute action under color of state law*

Deal also contends that there is state action because Alegre "summoned the police . . . as part of a policy of Home Depot to cause state officials to arrest, confine and prosecute alleged

---

[7]   Penal Code section 837 also provides for citizen's arrests in situations where the person has committed a felony.  In the present case, Deal was initially arrested for a misdemeanor.  In any event, the same analysis would apply if Deal was arrested for a felony.

1   shoplifters." The action of summoning the police by itself is insufficient to establish joint action.

2   *Rivera v. Green*, 775 F.2d at 1382-84. Alleging that Home Depot has a unilateral policy of

3   causing state officials to arrest, confine and prosecute suspected shoplifters is not equivalent to

4   alleging that the police acted in concert with Home Depot to carry out this policy, or that the

5   police and Home Depot reached an understanding to deny Deal his constitutional rights. Without

6   more, the facts Deal alleges are insufficient to establish joint action.

7       d.)   *Alegre's success in intentionally substituting his version of events over that of*
8             *Deal in the mind of the arresting officer and the District Attorney did not*
              *constitute action under color of state law*

9   Deal's argument that Alegre "intended to and succeeded in substituting his version of

10  events over that of plaintiff's in the mind of the arresting officer and the district attorney" merely

11  duplicates his allegation that Alegre made false accusations to the police. As discussed above,

12  complaining to the police does not constitute action under state law. *See Collins v. Womancare*,

13  878 F.2d at 1155.

14      e.)   *Alegre's participation jointly with the District Attorney in prosecuting Deal,*
15            *despite knowing of Deal's innocence, does not constitute action under color of*
              *state law*

16  Deal's allegations that before and during the criminal trial Alegre participated jointly with

17  the District Attorney in prosecuting Ricky Deal, despite knowing of Mr. Deal's innocence, also

18  falls short of establishing joint action. As the complaint is currently drafted, the alleged

19  knowledge of Deal's innocence applies only to Alegre. There is no allegation in the complaint

20  that the prosecutor knew or suspected that Deal was innocent of the charges against him, nor that

21  he conspired with Alegre in any way. Thus, the allegations are insufficient to plead action under

22  color of state law. *See Collins v. Womancare*, 878 F.2d at 1156 (noting there was no allegation

23  that the prosecutor failed to exercise independent judgment in prosecuting the charges); *see also*

24  *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983) ("It is beyond question that, when a private party

25  gives testimony in open court in a criminal trial, that act is not performed 'under color of law.'").

26  At the hearing of this motion Plaintiff's counsel indicated that he might be able to allege

27  wrongful conduct on the part of the prosecutor, and requested leave to do so. As discussed

28  below, such leave to amend is granted.

  *f.)*  *Home Depot's alleged ratification and adoption of all of Danny Alegre's actions did not constitute action under state law.*

  Since none of Alegre's actions were done under color of state law, any ratification or adoption of those actions by Home Depot did not constitute action under color of state law.

  **3.**  **Even If Otherwise Adequately Pled, Affirmative Defenses to Deal's Section 1983 Claims Are Apparent on the Face of the Complaint.**

  *a.)*  *False Arrest under Section 1983*

  As discussed above, Deal adequately alleged that Alegre's arrest of him without probable cause violated his Fourth Amendment right to be free of unreasonable seizure.  This claim for false arrest, unlike a claim for malicious prosecution, does not require a plaintiff to plead and prove favorable termination of the criminal charges against him.  *See Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2nd Cir. 1995); *see also, Mohlmann v. City of Burbank*, 179 Cal.App.3d 1037, 1041 n. 1 (1986).  Because this cause of action was not barred by the pending criminal case against Deal, two affirmative defenses to Deal's claim of false arrest under Section 1983 appear on the face of Deal's complaint: 1) a statute of limitations defense; and 2) a *res judicata* defense.

  Federal civil rights statutes have no independent statute of limitations.  *Johnson v. State of California*, 207 F.3d 650, 653 (9th Cir. 2000).  Instead, the applicable limitations period is determined by borrowing the forum state's limitation period for personal injury actions.  *Ibid*.  At the time Deal's claim for false arrest under Section 1983 accrued, the applicable statute of limitations for personal injury actions in California was one year.[8]  *Ibid*. (applying CAL. CIV. PROC. § 340(3) as it existed prior to 2002 amendments).  State law also governs tolling of the statute of limitations when not inconsistent with federal law.  *Johnson*, 207 F.3d at 653.  Federal law controls the determination of when a claim accrues; under federal law, a claim accrues when a plaintiff knows, or should have known, of the factual basis underlying his cause of action.  *Ibid*.

  Deal alleges he was falsely arrested by Defendants on May 18, 2001.  On that date he

---

  [8]  A 2002 amendment extended the statute of limitations for personal injury actions from one year to two years.  But that amendment does not apply retroactively to federal civil rights causes of action which accrued before the date the amendment took effect, but which were filed after it took effect.  *See Abreu v. Ramirez*, 284 F.Supp.2d 1250, 1255-56 (C.D.Cal. 2003).

knew or should have known the factual basis for this claim.  Yet he waited over three years before filing this action on September 8, 2004.  Even assuming the action was tolled under state law for the ten months Deal was incarcerated, the statute of limitations ran long before Deal filed this lawsuit.

The *res judicata* doctrine bars litigation of any claims which were raised, *or could have been raised,* in a prior lawsuit between the same parties or those in privity with them:

> "If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, so that it *could* have been raised, the judgment is conclusive on it despite the fact it was not in fact expressly pleaded or otherwise urged.  The reason for this is manifest.  A party cannot by negligence or design withhold issues and litigate them in consecutive actions.  Hence the rule is that the prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable."  *Sutphin v. Speik*, 15 Cal.2d 195, 202 (1940).

Deal could have raised his Section 1983 false arrest claim in his prior state court case.  It is based on precisely the same facts as his state law claim for false arrest that was previously tried in state court.  Allowing Deal to re-try the issue under Section 1983 would violate the doctrine of *res judicata.*[9]

### b.)    *Malicious Prosecution under Section 1983*

As discussed above, Deal has not adequately alleged a favorable termination of the criminal charges against him, nor that Defendants acted under color of state law.  Even if Deal is able to cure these defects, from the facts alleged on the face of the complaint this claim also appears to be barred by the doctrine of *res judicata*.  This claim could have been brought in the state court action if Deal had promptly moved for a stay of the civil action after the criminal charges were dismissed in December of 2003.  The state court judge denied the motion to stay the action in late March, 2004 because of the prejudice to Home Depot, which was already fully prepared for trial.  Had Deal moved for a stay two or three months earlier, Home Depot would not yet have completed its trial preparations and the state court judge may well have granted the

---

[9]        Deal is mistaken regarding Alegre's right to assert *res judicata*.  The California Supreme Court has specifically noted the propriety of an employee asserting *res judicata* where a prior lawsuit against the employer was based on the employee's conduct.  *See Bernhard v. Bank of America National Trust & Savings Association*, 19 Cal.2d 807, 812 (defendant allowed to assert *res judicata* even though not party to prior lawsuit).

1   stay in order to give Deal time to establish favorable termination of the criminal charges.[10]

2        In his opposition, Deal claims that the state court judge ruled that his claims related to the
3   ten months he spent in jail would have to be brought in a separate lawsuit.  There is insufficient
4   evidence in the record to support this claim.  Nor have the parties fully briefed what binding
5   effect, if any, such a ruling would have in the current action.  Thus, leave to amend is warranted
6   to allow Deal an opportunity to try to state a claim for malicious prosecution under Section 1983,
7   if he can establish that the state court issued a binding ruling that he would be entitled to bring a
8   separate action for malicious prosecution and if he can also adequately allege action under color
9   of state law and favorable termination of the criminal action.[11]

10       **B.    DEAL'S STATE LAW CLAIMS ARE ALL BARRED BY *RES JUDICATA*.**

11       Deal's state law claims are all barred by the doctrine of *res judicata*.  Because of this
12  legal barrier, it appears beyond doubt that Deal can prove no set of facts that would entitle him to
13  relief on his state claims.  *See Levine v. Diamanthuset, Inc.*, 950 F.2d at 1482.  Dismissal of the
14  state law claims without leave to amend is thus warranted.[12]

15       As discussed above, the *res judicata* doctrine bars claims which were raised, *or could*
16  *have been raised,* in a prior lawsuit between the same parties or those in privity with them.  Deal
17  could have raised in his prior state court action all of the state law claims he alleges in the current
18  action.  The only causes of action arguably barred from being raised in the state court case were

19

20       [10]    In fact, nothing precluded Deal from moving to stay the civil case even before the
    criminal charges against him were dropped.  Nor was he precluded from making his motion for a
21  finding of factual innocence *before* the civil trial started.

22       [11]    It is not clear from the record before the court whether Plaintiff appealed the
    denial of his motion for a finding of factual innocence.  Thus, the court cannot rule out the
23  possibility that Plaintiff may yet obtain a finding of factual innocence.

24       [12]    The court finds it appropriate to dismiss Deal's state law claims on the merits
    rather than for lack of federal jurisdiction.  Generally, when all federal claims are dismissed, a
25  federal court should relinquish jurisdiction over any supplemental state claims.  *Van Harken v.*
    *City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997).  However, where pendant state law claims
26  share a common nucleus of fact with the federal claims, a district court has discretion to retain
    jurisdiction over the state law claims after the federal claims are dismissed.  *See Schafer v.*
27  *Sea-Land Service, Inc.*, 11 Fed. Appx. 951 (9th Cir. 2001).  Further, where an obviously correct
    interpretation of state law knocks out the state law claims, "the federal judge should put the
    plaintiff out of his misery then and there, rather than burdening the state courts with a frivolous
28  case."  *Van Harken*, 103 F.3d at 1354.  Under the circumstances of the present case, dismissal on
    the merits rather than for lack of federal jurisdiction is warranted.

1    his malicious prosecution claims under either state law or Section 1983.  Those claims were, and

2    appear to remain, barred by Deal's inability to show a favorable termination of the criminal

3    charges against him.[13]

4          To the extent Deal's state law claims do *not* require a "favorable termination" of the

5    criminal charges, they are all barred by the doctrine of *res judicata* because Deal *could have*

6    brought those claims in his prior lawsuit.  The state court denied Deal's motion to amend to add

7    malicious prosecution because he could not make an offer of proof on the "favorable

8    termination" element.  Presumably the court would have granted leave to amend to add any

9    causes of action that did not require a favorable termination of the criminal action against him.[14]

10   Moreover, since these causes of action did not require a favorable termination of the criminal

11   action, there is no reason Deal could not have included them in his original complaint in state

12   court.  Deal simply failed to take the necessary steps to include the additional state law causes of

13   action to his prior lawsuit.  Thus, these claims are barred by the doctrine of *res judicata*.

16   [13]    The current complaint does not include any state law cause of action for malicious
17   prosecution, and thus this order does not by its terms dismiss without leave to amend any such
     cause of action.  Deal may include a state law claim of malicious prosecution in his amended
18   complaint if he is able to allege facts showing both action under color of state law and favorable
     termination of the criminal action, as well as grounds for finding that the doctrine of *res judicata*
19   does not bar the claim.

20   [14]    Deal claims he did seek to add causes of action for racial discrimination and
     willful misconduct.  It is not clear from the transcripts provided that he did so.  In any event, if
21   the state court erroneously denied a motion to amend to add those causes of action, Deal's
     remedy was an appeal in state court, not a new lawsuit in federal court.  As the Court noted in
22   *Federated Department Stores, Inc. v. Mottie*:

23        "Nor are the *res judicata* consequences of a final, unappealed judgment on the
          merits altered by the fact that the judgment may have been wrong or rested on a
24        legal principle subsequently overruled in another case. * * * * [A]n 'erroneous
          conclusion' reached by the court in the first suit does not deprive the defendants in
25        the second action 'of their right to rely upon the plea of *res judicata*.... A
          judgment merely voidable because based upon an erroneous view of the law is not
26        open to collateral attack, but can be corrected only by a direct review and not by
          bringing another action upon the same cause [of action].'  We have observed that
27        '[t]he indulgence of a contrary view would result in creating elements of
          uncertainty and confusion and in undermining the conclusive character of
28        judgments, consequences which it was the very purpose of the doctrine of *res
          judicata* to avert.'" *Federated Department Stores, Inc. v. Mottie*, 452 U.S. 394,
          398-99 (1981).

ORDER, *page 11*

**IV.     CONCLUSION**

Deal's claims fail to the extent they require pleading and proof of a favorable termination, because Deal has not alleged a favorable termination.  To the extent Deal's claims do not require pleading and proof of a favorable termination, they are barred by the doctrine of *res judicata* because he could have brought those claims in his prior state court action.  Therefore,

IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED, with leave to amend, as to Deal's first cause of action for violation of civil rights under color of law. At the hearing of this matter, Deal asked for an opportunity to amend.  That request is granted as to the first cause of action only.

IT IS FURTHER ORDERED that Deal shall file his amended complaint within twenty days after entry of this order.

IT IS FURTHER ORDERED that Defendants' motion to dismiss is GRANTED, without leave to amend, as to Deal's second through twelfth causes of action.  Because the doctrine of *res judicata* bars these causes of action, any amendment would be futile.

Dated:   *6/16/05*

_____*/s/ Patricia V. Trumbull*_____
PATRICIA V. TRUMBULL
United States Magistrate Judge