UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| RICKY DEAL, | ) | Case No.: C 04-03778 PVT |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING SUMMARY** |
| | ) | **JUDGMENT IN FAVOR OF** |
| v. | ) | **DEFENDANTS AND AGAINST** |
| | ) | **PLAINTIFF** |
| DANNY ALEGRE, ET. AL, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On June 17, 2005 this court issued an order granting a prior motion to dismiss by Defendants, with partial leave to amend the complaint. On July 6, 2005, Plaintiff Ricky Deal ("Deal") filed his second amended complaint. Defendants Danny Alegre ("Alegre") and Home Depot USA, Inc. ("Home Depot") again moved to dismiss, and Plaintiff opposed the motion.[1] On August 3, 2005, this court issued an order converting the motion to dismiss to a motion for summary judgment under Rule 56, and continuing the motion in order to allow Plaintiff an opportunity to obtain affidavits[2] and/or conduct discovery regarding: 1) the reasons for the dismissal of the criminal charges against Deal; and 2) whether at the time of the dismissal the prosecution had sufficient evidence against Deal to proceed to trial.

---

[1]     The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2]     As used herein, "affidavit" includes "declarations" made under penalty of perjury.

On October 4, 2005, the parties appeared for hearing on the motion for summary judgment.  All parties have consented to Magistrate Judge jurisdiction.  Based on the briefs and arguments submitted, and the file herein,

IT IS HEREBY ORDERED that summary judgment is GRANTED in favor of Defendants and against Plaintiff for the reasons stated herein.

## I.      BACKGROUND

### A.    FACTUAL BACKGROUND

On May 18, 2001, Deal allegedly went to Home Depot in order to exchange some fans that he purchased the day before.[3]  He alleges that he went into the store to assist his employer with the purchase of other materials, and then he exited the store in order to get in the return line which extended outside of the store.  Deal alleges that Alegre, one of Home Depot's security guards, accused him of trying to exit the store without paying for the fans in his possession.  Alegre allegedly grabbed him, spun him around, and accused him of stealing, and placed him under citizen's arrest.  In response, Deal produced the receipt for the fans and attempted to explain that he was returning them.  Alegre then asked two other Home Depot employees to place Deal in detention.  Deal asked Alegre to review the security tapes of the store entrances to verify that he did not steal the fans.  Instead of doing so, Alegre summoned the police.  Deal alleges that Alegre did not have probable cause to arrest him.  Alegre allegedly told Deal that he would be going to jail for "disrespecting" him, and that the police would believe him, not Deal.  Deal claims Alegre made false statements to police in order to secure his arrest.

Deal also alleges that Alegre made false statements to the District Attorney, and during trial, in order to secure Deal's conviction for attempted theft.  Finally, Deal alleges that the District Attorney was aware of the falsity of Alegre's allegations, and conspired with Alegre to deprive Deal of his constitutional rights.

### B.    PROCEDURAL BACKGROUND

The first criminal prosecution of Deal ended in a hung jury on September 27, 2001.  Deal

---

[3]      This statement of facts is based on the allegations in Deal's complaint and undisputed evidence submitted by the parties, and is set forth for background purposes only.

was retried and convicted of a felony violation of Penal Code 666 on November 2, 2001.  As a result of this conviction, Deal was sentenced to ten months in jail.

On May 17, 2002, Deal filed a civil suit against Home Depot in state court, alleging one count of false arrest and seeking compensatory and punitive damages against Home Depot.

On September 9, 2003, the state appellate court overturned Deal's criminal conviction, citing prosecutorial misconduct.[4]  On December 10, 2003, the criminal charges against Deal were dismissed "in the interest of justice."  By this time, Deal had already served his sentence.

Deal's civil trial against Home Depot began on March 23, 2004.  Deal made a motion *in limine* to amend his complaint to include, among other things, a cause of action for malicious prosecution.  The state court denied the motion *in limine* to amend except as to the causes of action for assault and battery.  With respect to malicious prosecution, the court noted that Deal had not shown he could meet the "favorable termination" element of a cause of action for malicious prosecution.  Although Deal  had a dismissal "in the interests of justice," the court found that dismissal did not qualify as a "favorable termination."  In the alternative, Deal requested a continuance so that he could seek a determination of factual innocence under California Penal Code section 851.8 to satisfy the "favorable determination" requirement.  The state court denied the request for continuance because Deal was unable to make an offer of proof that the dismissal was based on insufficient evidence to convict him.

The state court also granted a motion *in limine* by Home Depot limiting Deal's claim for damages against Home Depot to the thirty minutes he spent in custody at Home Depot before the police arrived.[5]

Ultimately, the state court found that Home Depot falsely arrested Deal and awarded him three thousand dollars as compensatory damages for the time he was detained by Home Depot before the police arrived.  However, the court found Home Depot was not liable for either assault or battery.

---

[4]        There is nothing in the record before the court to indicate that the prosecutorial misconduct was in any way related to the acts alleged in the complaint herein.

[5]        Deal claims that the court ruled that any damages for the remaining ten months he spent in custody would have to be the subject of a separate lawsuit.

Deal has now sued both Home Depot and Alegre seeking damages for the ten months he spent in jail. Deal initially alleged twelve causes of action. The first was a Section 1983 claim for violation of civil rights under color of state law. The remaining causes of action were all state law claims.[6] Deal amended his complaint once in response to a motion to dismiss by Defendants. Defendants again moved to dismiss, and on June 17, 2005, this court granted the motion to dismiss with leave to amend as to his Section 1983 claim only.[7] Deal filed his Second Amended Complaint for Damages on July 6, 2005 alleging malicious prosecution under both Section 1983 and California law. Defendants again moved to dismiss, and as stated above, this court converted the motion to a motion for summary judgment and allowed Plaintiff an opportunity for discovery and further briefing.

## II.    STANDARD OF REVIEW

Summary judgment is warranted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See,* FED.R.CIV.PRO. 56(c). The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett,* 477 U.S. 317, 323-324 (1986).

The moving party is not required to negate the elements of the non-moving party's case on which the non-moving party bears the burden of proof. *Celotex,* 477 U.S., at 323. On the contrary, "regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Ibid.*

Nor can the non-moving party defeat a proper motion for summary judgment simply by

---

[6]     The state law causes of action were entitled: discrimination based on race in violation of California Civil Code §51.7; willful misconduct; negligent infliction of emotional distress; intentional infliction of emotional distress; abuse of process; assault; battery; negligence; employer liability based on the negligent hiring, training, and/or retention of unfit employees; employer liability for punitive damages based on Home Depot's ratification of employee actions; and false arrest.

[7]     The court also indicated that Deal could attempt to state a cause of action for malicious prosecution under state law, if appropriate.

*alleging* a factual dispute between the parties. To preclude summary judgment, the non-moving party must bring forth material facts, i.e., "facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986). The court must draw all reasonable inferences in favor of the non-moving party. *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520 (1991); *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 588 (1986). However, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 588.

If the non-moving party shows that it cannot, for reasons stated, present by affidavit facts essential to justify its opposition, the court may either deny the motion, or else continue it to allow additional discovery. FED.R.CIV.PRO., Rule 56(f). However, "[t]he burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001).

It is the court's responsibility "to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Service v. Pacific Elec. Contractors,* 809 F.2d 626, 630, 631 (9th Cir. 1987). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita,* 475 U.S. at 587.

## III.    DISCUSSION

### A.    DEAL HAS NOT SHOWN THAT ANY ADDITIONAL DISCOVERY IS WARRANTED UNDER RULE 56(F)

Deal argues that he needs more time to discover further evidence regarding the reasons that the criminal charges against him were dismissed. However, he fails to "proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *See Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d at 1161, n. 6. Deal has had an opportunity to conduct

discovery on the issue of the reason for the dismissal of charges against him.  None of the discovery submitted by Deal in connection with his opposition to this motion suggests that further discovery would uncover evidence that might preclude summary judgment.  Thus, Deal fails to carry his burden of showing that any further discovery is warranted before the court rules on the motion for summary judgment.

### B.   DEAL'S CLAIMS FAIL BECAUSE HE HAS NOT RAISED A GENUINE ISSUE OF MATERIAL FACT WITH REGARD TO WHETHER HE OBTAINED A FAVORABLE TERMINATION OF THE CRIMINAL CHARGES AGAINST HIM

Favorable termination of the criminal proceedings against Deal is a necessary element of his claims for malicious prosecution under both Section 1983 and California state law.  *See Heck v. Humphrey*, 114 S.Ct. 2364, 2371-74 (1994) (applying favorable termination requirement to Section 1983 actions that seek to recover damages for allegedly unconstitutional conviction or imprisonment); *and Eells v. Rosenblum* (1995) 36 Cal.App.4th 1848, 1854-55 (to be "favorable" the termination of the prior action must reflect on the defendant's innocence of the alleged wrongful conduct); *see also Villa v. Cole* (1992) 4 Cal.App.4th 1327, 1335 (noting that a termination that leaves some doubt as to the defendant's innocence or liability is *not* a favorable termination, and bars the defendant from asserting a malicious prosecution cause of action).  The California Supreme Court has noted that:

> "If [the termination] is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement. If, however, the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with his guilt, it does not constitute a favorable termination."  *Jaffe v. Stone*, 18 Cal.2d 146, 150 (1941).

In the present case, Plaintiff has not set forth specific facts showing there is a genuine issue of material fact with regard to whether the dismissal of criminal charges against him indicated his innocence.  The contemporaneous memorandum by Deputy District Attorney Hayworth[8] regarding the dismissal of criminal charges against Deal states:

> "Received message today from Dave Sanderson that this case has been reversed and is on the AA calendar this afternoon after remand from the Court of Appeal.  I reviewed the file and discussed the matter with ADA Weger.  The key prosecution witness in this case was Danny Alegre, a loss prevention officer with

---

[8]   Hayworth, with the approval of her supervisor, was the one who made the decision to dismiss the charges against Deal.

1    Home Depot, who has since been terminated and is currently in the Philippines.
      (This information was received by Leigh Frazier in North County earlier this year.
2    Home Depot informed her that the termination involved failure to follow store
      policies and procedures.)  ADA Weger and I agree that given the status of our key
3    witness this case should not be retried.  I have informed Dave Sanderson that the
      case should be dismissed this afternoon on the AA calendar."
4

5         Neither Alegre's unavailability, nor the termination of his employment for failures to

6    follow unspecified store policies and procedures, indicates that Deal was innocent of the crime

7    charged.

8         Deal makes much of Hayworth's testimony that: 1) one of the Deputy District Attorneys

9    had once mentioned something to her along the lines that Alegre had generated a lot of cases and

10   that he had a high percentage of cases where defendants were denying everything; and 2) she

11   thought Alegre appeared "too eager" to testify.[9]  (*See* Hayworth Deposition, 38:15-19 and 35:15-

12   25.)  However, nothing in Hayworth's  testimony suggests that she thought either of these facts

13   indicated Deal's innocence, nor that they contributed to the decision to dismiss the charges

14   against Deal.  On the contrary, Hayworth testified that her decision to dismiss the charges against

15   Deal was based on: 1) her belief that Alegre was in the Philippines and might not be available to

16   testify, 2) the fact that Deal would not serve any further time since he had already served his

17   sentence; and 3) the fact Deal already had a prior conviction for theft that could be used as a prior

18   in any future cases against him.  (*See* Hayworth Deposition, 21:12 – 23:17.)  And she expressly

19   testified that, assuming Alegre was available to testify, she "had no reason to believe that we

20   would have difficulties proving the case."  (*See* Hayworth Deposition, 21:5-11.)  Thus, the

21   reasons for the dismissal were "not inconsistent" with guilt.

22        Deal claims that Deputy District Attorney Donald Shearer testified that a dismissal in the

23   interests of justice was "intended" to reflect the innocence of the accused.  Deal misrepresents

24

25   ───────────────────────────
26        [9]    Although Plaintiff implies that these facts somehow suggest Alegre enjoyed
      falsely arresting innocent people, these facts are equally, if not more, consistent with a security
27   guard who is particularly successful in apprehending thieves, and who is enthusiastic in
      performing his civic duty to testify against the wrong-doers.  The fact a defendant "denies
28   everything" is not inherently inconsistent with that defendant's guilt, since it is not surprising that
      one who will steal might lie and deny it afterwards.  Because these facts could cut either way,
      there is no reasonable inference to be drawn from them.

1   Shearer's testimony in that Shearer never said "intended" but rather "gives an impression."[10]

2   (*See* Shearer Deposition, 16:10-16.)  And his overall testimony does not indicate he believed a

3   dismissal in the interests of justice necessarily reflected the innocence of the accused.  In

4   response to the question "And so in your mind, the indication in the interest of justice was an

5   indication that the clients or the defendant may be innocent?" Shearer responded "Innocent, *been*

6   *punished enough*, cooperation on another case as far as testifying." (*See* Shearer Deposition,

7   14:20 – 15:3 (emphasis added).)  Thus, it appears Shearer believed actual innocence was only

8   one possible reason for a dismissal in the interests of justice.  In any event, it is undisputed that

9   Shearer did not make the decision to dismiss the charges against Deal.  He may or may not have

10   been the Deputy District Attorney who formally made the motion to dismiss the charges in court.

11   But the uncontroverted evidence establishes he was not involved in making the decision to

12   dismiss the charges.  Shearer's speculation regarding any "impression" given by a dismissal in

13   the interests of justice is irrelevant to whether the dismissal was a "favorable termination" for

14   purposes of a malicious prosecution cause of action.

15       Deal has not submitted any evidence that casts doubt on Hayworth's testimony regarding

16   the reasons the charges against Deal were dismissed.  Deal's speculation that Hayworth might be

17   misrepresenting the reasons for her decision constitutes no more than a "metaphysical doubt,"

18   and is insufficient to raise a genuine issue of material fact.[11]  *Matsushita,* 475 U.S. at 588.

19

20       [10]   The actual question was "Is it fair to say that, in your view, a dismissal in the

21   interest of justice is more favorable and a more favorable reflection than a dismissal for
    insufficiency of evidence." (*See* Shearer Deposition, 15:16-19.)  Counsel for Defendants
    objected on grounds of vagueness and ambiguity as to the term "favorable," and counsel for the

22   County of Santa Clara objected on grounds the question called for a legal conclusion. (*See*
    Shearer Deposition, 15:20-23.)  The court hereby sustains both objections.

23

24       [11]   This is particularly true in light of the history of this case.  The issue of whether
    the prosecution had adequate probable cause to proceed with a prosecution against Deal was fully

25   vetted in connection with Deal's motion for a determination of factual innocence under
    California Penal Code section 851.8.  That proceeding occurred after the charges against Deal

26   were dismissed.  At that time, Deal had a full opportunity to test the adequacy of the
    prosecution's case against him.  It is undisputed that the state court denied Deal's motion for a
    determination of factual innocence.  That ruling creates an issue of collateral estoppel with regard

27   to the "probable cause" element of Plaintiff's malicious prosecution claims.  While the court is
    not addressing the "probable cause" element in this motion, the ruling does support the court's

28   finding that there is no genuine issue of material fact with regard to the reasons the prosecutor
    dismissed the charges against Deal, and thus whether there was a "favorable termination."

The evidence, viewed in the light most favorable to Plaintiff, shows at most that the District Attorney's office dismissed the criminal charges against Plaintiff because the key witness against him–Danny Alegre–was not likely to be available for trial.  None of the evidence submitted to the court, alone or in combination, would be sufficient to support a jury finding that the District Attorney's office dismissed the charges against Plaintiff because of any concerns over either Alegre's credibility, or Deal's alleged guilt.  Under this set of facts, the reason for dismissing the criminal charges against Deal was "not inconsistent with his guilt," and thus did not constitute a favorable termination.  *See Jaffe v. Stone*, 18 Cal.2d at 150.

While it may seem harsh, the law does not provide any remedy for one who is wrongly accused in court unless he can establish the elements of favorable termination, lack of probable cause, and malice.  *See Silberg v. Anderson*, 50 Cal.3d 205, 213-16 (1990) ("the evils inherent in permitting derivative tort actions based on communications during the trial of a previous action are, as we explain below, far more destructive to the administration of justice than an occasional 'unfair' result.").  This rule serves numerous important public policies, including: 1) giving litigants and witnesses the utmost freedom of access to the courts without the fear of derivative tort actions; 2) assuring freedom of communication between citizens and public authorities whose responsibility is to investigate and remedy wrongdoing; and 3) enhancing the finality of judgments and avoiding an unending roundelay of litigation.  *See Silberg*, 50 Cal.3d at 213-16.

It may be that Deal was wrongly accused.  However, he has not presented evidence that could support a jury finding of "favorable termination" of the criminal charges against him, i.e., a termination for reasons inconsistent with his guilt.  Absent such evidence, public policy considerations preclude his malicious prosecution claims against Defendants.

**IV.   CONCLUSION**

Because Deal has not presented evidence sufficient to support a finding of favorable termination of the criminal charges against him, summary judgment in favor of Defendants is warranted.

Dated: *2/21/06*

PATRICIA V. TRUMBULL
United States Magistrate Judge